Robert G. Culas, Esq. (Bar No. 7045)
Attorney for Plaintiff
9730 South 700 East, Suite 207
Sandy, Utah 84070
Telephone: 801 727 0727
Fax: 801 727 0729
Email: rculas@culaslaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

---

| | | |
|---|---|---|
| JAMES MCINNIS, | : | |
| | : | AMENDED COMPLAINT |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| First Horizon Home Loans ("FHHL"); | : | |
| Mortgage Electronic Registration Systems, | : | |
| ("MERS"); and John Does 1 through 5. | : | Case No: 2:09-cv-00585 |
| | : | |
| Defendants. | : | Judge Dale A. Kimball |

---

Plaintiff, James McInnis, by and through counsel, Robert G. Culas, Esq., respectfully amends the Complaint and alleges as follows:

PARTIES AND JURISDICTION

1. Plaintiff is an actual and bona fide resident of the State of California

2. Defendant FHHL is a corporation with its corporate offices in the State of Texas, and at all relevant times herein was doing mortgage loan business in the State of Utah.

3. Defendant MERS is a Delaware corporation registered to do business in the State

of Utah (Entity Number: 7427133-0110), but without a registered agent in the State of Utah. MERS' address is at 1818 Library Street, Suite 300, Reston, VA 20190.  MERS may not be a party pursuant to the Deed of Trust in this case, notwithstanding its claim in connection with the non-judicial foreclosure proceeding to be such.  See Landmark National Bank v. Kesler, No. 98,489 (Kan. 08/28/2009); and Mortgage Electronic Registration System, Inc. v. Southwest Homes of Arkansas, No. 08-1299 (Ark. 03/19/2009).  If MERS is a valid assignee or successor to FHHL, it is liable to Plaintiff for rescission pursuant to 15 USC §1641(c) & (d).

4. Defendants John Does 1 through 5 are not known at the time of this writing and when they are identified, notice will be provided to the Clerk of Court and to all parties to this action of John Doe identities and addresses.

5. As used herein, "Defendant" or "Defendants" refers to the originating mortgage loan institution(s) involved herein and any legal successor or assign.

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1332. The amount in controversy exceeds $75,000.00. This court also has, pursuant to 28 U.S.C. § 1367, supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is properly laid in the Central Division of the United States District Court for the District of Utah, pursuant to 28 U.S.C. §1391(c).

FACTS

8. On or about May 4, 2007, defendant FHHL made a loan to Plaintiff secured by a Deed of Trust recorded against Plaintiff's residence located at 3052 N. Snow Canyon Parkway #95, St. George, Utah 84770 and more particularly described as;

> Lot 95, The Cliffs of Snow Canyon Plat B, Amended & Extended, According to the Official Plat thereof on file and of record in the Washington County Recorder's Office.  Tax Serial Number: CountyL SG-cosc-B-95 City.

9. Truth in Lending Act ("TILA") enacted in 1968 is designed to protect consumers like Plaintiff in credit transactions, by requiring clear disclosures of key terms of the lending arrangement and all costs, and disclosures of certain statutory rights intended to protect consumers.  The regulations implementing the statute, known as "Regulation Z", are codified at 12 CFR Part 226 and most of the specific requirements imposed under the Act are found in Regulation Z.

10. Under TILA, FHHL must disclose to Plaintiff the annual percentage rate ("APR") of the loan.  A form presented to Plaintiff at closing stated an APR of 7.439%, but Plaintiff did not understand nor was he informed of what the APR meant and what charges were included in it.  More importantly, Plaintiff has learned that the APR stated may have violated TILA allowing for his right to rescind to extend to three years.

11. Under TILA, FHHL must disclose to Plaintiff the fees he was charged by the lender for making the loan.  While Plaintiff knew fees were charged, he had no notice of what fees were and why they were charged.  Moreover, much of the information or charges that

should have been disclosed in the finance charge under TILA, was not explained or disclosed.

12. Under TILA, the term "finance charge" is defined as all fees paid either directly or indirectly by Plaintiff incident to the extension of the loan. Plaintiff claims that at the time of the loan transaction, FHHL did not disclose to him any fees he paid directly or indirectly in connection with the loan. A review of the documents that Plaintiff received from the Defendants confirm that Plaintiff purportedly paid $30,308.60 (loan principal less amount financed) at the time of the loan, but none of those charges were explained to Plaintiff.

13. The loan made to Plaintiff was an adjustable rate mortgage and under Regulation Z §226.19(b), FHHL was required to provide Plaintiff a booklet titled "Consumer Handbook on Adjustable Rate Mortgages" published by the Board and the Federal Home Loan Bank Board, or a suitable substitute; and a disclosure of each variable-rate program in which Plaintiff expresses an interest. FHHL failed to comply with either requirements of 226.19(b).

14. The documents provided Plaintiff at closing did not include a "Notice of Right to Cancel".

15. In the fall of 2008, Plaintiff lost a substantial portion of the family income. By January 2009 Plaintiff began to seek assistance from Defendants and other financial sources on some form of relief to protect his property.

16. By May 2009, Plaintiff had submitted several requests for modification and relief with the mortgage payments. None of his efforts resulted in any relief.

17. In May 2009, Plaintiff sought the assistance of counsel who explained his rights

under TILA, Regulation Z and Home Owner Equity Protection Act ("HOEPA").

18.     It was the first time that Plaintiff had realized that TILA could help his family. Under the plain meaning of TILA, Plaintiff had to exercise his right to rescind the loan by May 3, 2010.

19.     On May 26, 2009, Plaintiff served upon FHHL a Notice of Rescission of the Note and the Trust Deed.  See a copy of the Notice of Rescission attached hereto as Exhibit A.

20.     On July 1, 2009 Plaintiff filed this Federal lawsuit charging, *inter alia*, rescission pursuant to United States Code Title 15 Section 1635.

21.     A *lis pendens* was also recorded on July 20, 2009, giving notice to the world of the federal litigation.  Please see a copy of the recorded *lis pendens* attached hereto as Exhibit B.

22.     Plaintiff's rescission claim applies to FHHL and all successors and assigns pursuant to 15 USC §1641(c).  Upon information and belief, Plaintiff alleges that MERS claims to be the beneficiary of the Deed of Trust against Plaintiff's property.  As beneficiary, MERS has commenced a non-judicial foreclosure proceeding against Plaintiff's property.

23.     Ignoring the Notice of Rescission, the pending lawsuit and *lis pendens,* defendant MERS has proceeded with a non-judicial foreclosure and has set a non-judicial Trustee foreclosure sale for November 12, 2009.

## FIRST CAUSE OF ACTION

### Rescission under 15 USC §1635(a)

24.     Plaintiff incorporates under this cause of action allegations of paragraphs 1

through 23 above.

25. For FHHL's violations of TILA, Plaintiff's right to rescind his loan transaction was extended to May 2010.

26. On May 26, 2009, Plaintiff served upon FHHL a Notice of Rescission of the Note and the Trust Deed.  See a copy of the Federal Express receipt attached hereto as Exhibit C.

27. Under 15 USC §1635(a), Plaintiff is entitled to rescind his loan transaction.

28. Under 15 USC §1635(b), the Trust Deed lien of FHHL, its successors and assigns was voided upon service of the Notice of Rescission.  Pursuant to said right, Plaintiff recorded a Notice of Void Lien on or about June 26, 2009.  See a copy of Notice of Void Lien attached hereto as Exhibit D.

29. Under 15 USC §1635(a), Plaintiff is entitled to his costs for enforcing his statutory rights including, but not limited, to court costs and fees including reasonable attorney fees.

SECOND CAUSE OF ACTION

**Rescission under 15 USC §1635(i)**

30. Plaintiff incorporates under this cause of action allegations of paragraphs 1 through 29 above.

31. Pursuant to 15 USC §1635(i), Plaintiff has a right to rescind his loan transaction as a result of the foreclosure proceeding against his home:

32. On May 26, 2009, Plaintiff served upon FHHL a Notice of Rescission of the Note

and the Trust Deed.  See <u>Exhibits A and C</u> above.

33.   Under 15 USC §1635(i), Plaintiff is entitled to rescind his loan transaction.

34.   Under 15 USC §1635(b), the Trust Deed lien of FHHL, its successors and assigns was voided upon service of the Notice of Rescission.  Pursuant to said right, Plaintiff recorded a Notice of Void Lien on or about June 26, 2009.  See <u>Exhibit D</u> above.

35.   Under 15 USC §1635(i), Plaintiff is entitled to his costs for enforcing his statutory rights including, but not limited, to court costs and fees including reasonable attorney fees.

THIRD CAUSE OF ACTION

**<u>Declaratory judgment that defendant's lien on Plaintiff's home is void</u>**

36.   Plaintiff incorporates under this cause of action allegations of paragraphs 1 through 35 above.

37.   Pursuant to 15 USC §1835(b) and §1641(c), upon service of Plaintiff's Notice of Rescission, FHHL, its successors and assigns' mortgage lien became void.

> (b) Return of money or property following rescission
> When an <u>obligor exercises his right to rescind</u> under subsection (a) of this section, he is <u>not liable for any finance</u> or other charge, and <u>any security interest given</u> by the obligor, including any such interest arising by operation of law, <u>becomes void</u> upon such a rescission.

(Emphasis added)

38.   On May 22, 2009, Plaintiff served FHHL with a Notice of Rescission .  See <u>Exhibit A.</u>

39.   More than 20 days passed without FHHL or other Defendants complying with

TILA and Regulation Z.

40. Plaintiff is entitled to a declaratory judgment that Defendants' lien on his home is void as a matter of law.

## FOURTH CAUSE OF ACTION

**Lacks standing to foreclose the deed of trust.**

41. Plaintiff incorporates under this cause of action all the allegations of paragraphs 1 through 40 above.

42. The parties to the Note and Deed of Trust that are the subject matter of this action are James McInnis, as Trustor, First American Title, as Trustee, and FHHL, as Lender/Beneficiary.

43. While Mortgage Electronic Registration Systems, Inc. ("MERS") is identified as "...the beneficiary under this Security Instrument." (the Deed of Trust), it is also described as "...a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."

44. The party that is attempting to foreclose the purported Deed of Trust is MERS. This entity is purportedly acting as nominee on behalf and for FHHL. However, Plaintiff is not aware of any evidence, recorded or otherwise, that MERS was indeed empowered by, or authorized by FHHL or any legal successor or assign to conduct a non-judicial foreclosure proceeding.

45. Moreover, it is possible that FHHL, at the time of the assignment, was itself no longer a party of interest; that is, the actual then current holder-in-due-course of both the

original Note and the original Deed of Trust. If it was not, then it would not have had the standing or ability to make such an assignment.

46. Plaintiff is not aware of any evidence that shows that MERS has any right to foreclose the Deed of Trust, under this cause of action as well as under the other causes of action previously recited.

47. Without any evidence that MERS has the legal right to foreclose the Deed of Trust, the non-judicial proceeding in this case is invalid and the foreclosure proceeding void.

WHEREFORE, Plaintiff prays the honorable Court grant judgment in favor of Plaintiff and against Defendants, granting rescission of the mortgage loan under TILA, the implementing Regulation Z, and HOEPA, and other grounds recited herein, and that the honorable Court will void the mortgage lien on Plaintiff's property on the legal grounds stated. Moreover, that the Court will grant any applicable statutory and regulatory damages, and punitive damages if available, and attorney fees, court costs and fees and all costs associated with this action.

DATED this 15th day of December, 2009.

/s/ Robert G. Culas
Robert G. Culas, Esq.
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 15th day of December, 2009, served electronically the foregoing Amended Complaint upon the following:

>Bradley J, Dixon
>STOEL RIVES LLP
>101 S. Capitol Boulevard, Suite 1900
>Boise, Idaho 83702
>
>Lauren A. Shurman
>201 South Main Street, Suite 1100
>Salt Lake City, Utah 84111

and served by mail, postage prepaid to;

>MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.)
>1818 Library St., Suite 300
>Reston, VA 20190

Also  MERS
c/o etitle Insurance Agency, Trustee
3269 South Main #100
SLC, UT 84115

/s/ Robert A. Schwenke